[Crim. No. 1119. First Appellate District, Division Two.—September 1, 1923.]

THE PEOPLE, Appellant, v. WILLIAM L. CLAIBORNE, Respondent.

[1] CRIMINAL LAW — ORDER GRANTING NEW TRIAL—INSUFFICIENCY OF EVIDENCE—DISCRETION—APPEAL.—An order granting a new trial in a criminal prosecution made upon the ground of the insufficiency of the evidence to warrant the verdict of guilty will not be disturbed on appeal where the action of the trial court is sought to be set aside on appeal upon the theory that the testimony offered by the defendant was so inherently improbable that it cannot be given any weight, and it cannot be said on such appeal that said testimony was inherently improbable.

APPEAL from an order of the Superior Court of Alameda County granting a new trial. George Samuels, Judge. Affirmed.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Appellant.

Henry Skinner and Monroe M. Friedman for Respondent.

NOURSE, J.—This is an appeal by the state from the order of the trial court granting defendant's motion for a new trial after a verdict of guilty. The defendant was tried upon an information charging him with the crime of grand larceny, consisting in the taking of an automobile of the value of fifteen hundred dollars. At the close of the evidence offered by the prosecution the defendant moved for an advised verdict, which motion was denied. Thereafter the defendant offered evidence consisting of his own testimony and that of other witnesses and the jury found him guilty. On his motion for a new trial the defendant relied upon his attack upon the sufficiency of the evidence to warrant the verdict of guilty. The parties to this appeal concede that the trial court granted the new trial upon that ground and that the question involved in this appeal is whether in doing so he abused the discretion which the law vested in him in such proceedings.

The evidence on the part of the prosecution is concededly merely circumstantial and consists of the testimony of witnesses showing that some time after the automobile had been stolen by parties unknown, while left by its owner upon a public street in the city of Oakland, the respondent sent one O'Neil to Carson City, Nevada, with instructions to procure three Nevada licenses for three automobiles and to procure said licenses in the names of persons in Reno, Nevada, giving three names therefor which, it is now assumed, were purely fictitious. The licenses so secured were delivered to the respondent by O'Neil and a few days thereafter the car which is the subject of the larceny in this case was registered with the motor vehicle department of this state at Sacramento upon an application for registration which showed that it had been sold by one Billington to one Ellis, residing at Nilson, Alameda County, California, a fictitious place. Ellis was not accounted for and it was assumed that that name was also fictitious. About the same time

respondent in this case personally left the automobile at a garage for repairs and paid the cost thereof. Thereafter the car was returned to respondent's place of business and later sold to one Stroll under a bill of sale by which the respondent represented himself to be the owner. Stroll subsequently sold the automobile to one Hilton, in whose possession it was identified by the true owner.

Respondent took the stand in his own behalf and testified that the sending of O'Neil to Nevada and the procuring of the Nevada licenses was done at the behest of one Shouse, now deceased, but with whom the respondent was then associated in business. He also attempted to show that at the time the car was said to have been stolen he and Shouse were hunting with a party consisting of the sheriff of Colusa County and others at some place in Colusa County and that he was not, therefore, at the place where the crime was alleged to have been committed. All the evidence offered by the respondent tended to show his innocence of the crime charged and to prove an alibi. It was sufficient, if believed by the jury, to warrant a verdict of not guilty. On the other hand, the evidence offered by the prosecution was sufficient, if believed, to warrant a verdict of guilty.

[1] It is upon the theory that the testimony offered by the respondent was so inherently improbable that it cannot be given any weight that the appellant now asks this court to set aside the action of the trial court. We are not, however, able to say that this testimony is inherently improbable. The credibility of the witnesses was, of course, a matter for the jury to determine in the first instance. But the sufficiency of the evidence to sustain the verdict was the precise question which was addressed to the trial court upon respondent's motion for a new trial. As was said in *People* v. *Canfield,* 173 Cal. 309, 311 [159 Pac. 1046, 1047], "it was for the judge of the trial court to say what had been the effect of the evidence upon the jury, and whether or not the defendant in view of all of the facts had been given a fair trial. . . . The judge who presided at the trial of the cause, who heard the testimony, who observed the jurors and had an opportunity also of testing the truth of the defendant's statements by noticing his demeanor, was in a peculiarly favorable position for determining justly the question whether or not the defendant

had been accorded a fair trial. . . . We can hardly manu-
facture in fancy a hypothetical situation in which a review-
ing court would be justified in questioning the discretion of
a trial court who should grant a new trial in a case in-
volving a criminal charge.''

Whatever may be our view of the sufficiency of the
evidence constituting respondent's defense to the charge, it
is not the function of this court to substitute its discretion
for that which is vested in the trial court.

The order granting a new trial is affirmed.

Langdon, P. J., and Sturtevant, J., concurred.